UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE L. SIMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM P. ADKINS, *et al.*, )<br>)<br>Defendants. ) | Case No. 23-1293-JES-JEH |

## ORDER AND OPINION

Plaintiff, a non-prisoner proceeding pro se, has filed a complaint and accompanying memorandum under 42 U.S.C. § 1983. The memorandum (Doc. 2) was filed with and referred to in the complaint, and also provides some necessary detail, and was duly considered by the Court.[1] Plaintiff also filed a petition to proceed in forma pauperis ("IFP") (Doc. 3); and a motion for recruitment of pro bono counsel (Doc. 4). For the reasons set forth below, Plaintiff is denied IFP status, and the complaint is dismissed as frivolous as barred by the statute of limitations and the application of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### BACKGROUND

Petitioner seeks to proceed under the IFP statute, 28 U.S.C. §1915(a)(1), which is designed to ensure indigent litigants' meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). When a plaintiff seeks to proceed without paying the filing fee, the district court is to "screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019). The IFP statute at 28

---

[1] *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (stating that in a Rule 12(b)(6) motion to dismiss, the standard applied here, a court may consider documents that are "referred to in the plaintiff's complaint and are central to his claim.").

U.S.C. § 1915(e)(2)) provides that in conducting the screening, the court is to review the sufficiency of the complaint and deny IFP status if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant.

When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). The court will take as true "all well-pleaded allegations of the complaint" and view them "in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## PRIOR LITIGATION HISTORY

In the current case, Plaintiff names his prior criminal defense attorney, William Adkins; Police Officer David Buss; forensic scientists Dustin Johnson and Ann Marie Yeagle; and Assistant State's Attorney Donna Cruz. Plaintiff complains of acts that occurred "in September 2015 and January 2017." (Doc. 2 at 1). These events surround Plaintiff's December 13, 2016 trial in Peoria County Case No. 15-CF-726, where he was convicted as being a felon in possession of a weapon in violation of 720 ILCS 5/24-1.1(a). Plaintiff alleges that Mr. Adkins breached his fiduciary duty to Plaintiff and fraudulently asserted expenses for expert witnesses.

2

He asserts that Defendants Buss, Johnson, and Yeagle, falsified forensic evidence and committed perjury. He claims that Assistant State's Attorney, Donna Cruz, presented false forensic evidence and suborned perjury. Plaintiff was convicted of the offense, served a term of imprisonment, and has been released. He requests $2,057,000 in compensatory damages.

This is not Plaintiff's first attempt to raise these claims. On March 30, 2017, while imprisoned, Plaintiff filed a federal complaint before this same Court captioned *Sims v. Adkins* ("*Sims #1*"), No. 17-1133 (C.D. Ill. Mar. 30, 2017). The Court conducted a review of that case as Plaintiff sought IFP status there as well. The Court determined that Plaintiff had alleged a § 1983 violation against Defendants Adkins, Frederick Johnson, and Johnson, Bunce, and Noble, P.C., for "constitutionally deficient representation at a December 2016 criminal trial in the Peoria County Circuit Court." *See* Order (Doc. 6 at 1). The Court noted, however, that all named Defendants were private attorneys not acting under color of state law, so were not amenable to suit under § 1983. It explained that the conduct of private counsel, even while acting as a public defender, did not rise to the level of state action for purposes of §1983 liability. The court cited this, and the bar of *Heck v. Humphrey*, which will be discussed later. The Court denied the IFP petition and dismissed the complaint without prejudice. Plaintiff had an opportunity to amend but did not do so.

On September 9, 2019, while incarcerated, Plaintiff filed a §2241 habeas petition in *Sims v. Clark*, No. 19-1313 (C.D. Ill Sept. 9, 2019). There, he asserted ineffective assistance of appellate and trial counsel; tampered evidence; and that the State presented improper instructions to the jury. The court noted that, as Plaintiff had been convicted in state court, his appropriate remedy was under §2254 "which 'is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . .'" *Sims*, No. 19-1313 (Doc. 7 at 3-4) (citing *Barnes v.*

*Baldwin*, No. 19-635, 2019 WL 3975176, at *2 (S.D. Ill. Aug. 22, 2019)). The Court noted that, while it could recharacterize Plaintiff's petition as one asserted under §2254, this would limit his ability to file a subsequent §2254 petition. The court determined that the better practice was to dismiss the case without prejudice, advising "Should he wish to further pursue relief, Petitioner would need to file a petition under § 2254 . . ." *Id*. at 5.  Plaintiff did not do so.

In the current August 8, 2023 complaint, Plaintiff asserts violations of § 1983, complaining of the conduct of defense counsel, an officer, expert witnesses, and an Assistant State's Attorney, related to his December 13, 2016 trial and conviction. These claims, however, are now time-barred as beyond the two-year statute of limitations. As there is no federal statute of limitations provided in § 1983, the courts apply the personal injury statute of limitations of the state where the alleged injury occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for personal injury claims in Illinois is two years. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) (citing 735 ILCS 5/13-202); *Woods v. Illinois Dept. of Children and Family Services*, 710 F.3d 762, 766 (7th Cir. 2013).

### DISCUSSION

In his pleading, Plaintiff acknowledges that a two-year statute of limitations applies in § 1983 cases. Despite this, he asserts that the claims from 2015, 2016, and January 2017 "must have been filed by December 13, 2018" (Doc. 2 at 2), apparently using the December 13, 2016 trial as the date the statute began to run. Plaintiff provides no detail as to the 2015 conduct of which he complains and there is nothing to support that events which occurred in 2015 would have been timely if filed on December 13, 2018. All that aside, Plaintiff identifies the December 2018 date as the last date for filing, but did not file until August 8, 2023, well beyond the timeframe he, himself, identifies. Perhaps Plaintiff is under the mistaken impression that his *Sims*

*#1* claim, filed in March 2017 and dismissed in April 2017, tolled the statute of limitations. It did not. That case was dismissed with leave to amend. Plaintiff did not amend and did not preserve his rights as to that claim.

Generally, a court is not to dismiss a complaint based on an affirmative defense such as a statute of limitations. However, a court may dismiss if the complaint sets forth the necessary information to show that the case is time-barred due to the expiration of the statute of limitations. *See Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff 'pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.'") *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate here to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint.").

Plaintiff's complaint cannot stand for the additional reason that it is barred under *Heck v. Humphrey*, something explained to Plaintiff in *Sims #1*. "*Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a federal court may not award damages under §1983 when that calls into question the validity of a state conviction." *Wells v. Caudill*, 967 F. 3d 598, 602 (7th Cir. 2020). *See also Ortega v. Ford*, No. 20-36, 2023 WL 2648524, at *5 (S.D. Ill. Mar. 27, 2023) ("'when a state prisoner seeks damages in a [Section] 1983 suit, the district court must consider whether a judgment in [his] favor . . .would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" (citing *Heck*, 512 U.S. at 487). The *Heck*-bar applies even when the individual is no longer in custody. *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (*en banc*).

Here, Plaintiff claims that he was convicted based on false and perjured testimony. If he were to prevail in the § 1983 claim it would, of necessity, call into question the validity of the conviction. As a result, Plaintiff cannot maintain a § 1983 claim for damages unless the conviction has been overturned or otherwise discredited.

Plaintiff's IFP petition is denied, and the complaint is dismissed for the reasons identified. This case is dismissed without prejudice as Plaintiff could reassert in the event his conviction is overturned or otherwise called into question. In such a case, Plaintiff's § 1983 claim would accrue as of that date. *See Savory*, 947 F.3d at 417–18 (finding that the statute of limitations began to run when the former prisoner "received a favorable termination of his conviction, which occurred when the governor issued a pardon for the subject conviction.").

## CONCLUSION

The Court finds that Plaintiff's complaint fails to state a claim. As a result, the complaint is dismissed and the IFP petition and motion for recruitment of pro bono counsel are denied. Plaintiff will not be allowed to amend as his claim is currently barred under the applicable statute of limitations and *Heck v. Humphrey*. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the appellate filing fee regardless of the outcome of the appeal.

Signed on this 6th day of September 2023.

s/James E. Shadid
James E. Shadid
United States District Judge